IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICE M. HULL,<br>on behalf of herself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COVENTRY HEALTH CARE**<br>**OF GEORGIA, INC.,**<br>a Georgia corporation, and<br>**ANGELA MEOLI,**<br>Individually,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.<br><br>**JURY TRIAL**<br>**DEMANDED** |

## COMPLAINT

Patrice Hull, on behalf of herself and all others similarly situated, through her counsel, Stephen M. Katz, THE KATZ LAW GROUP, respectfully shows as follows:

### Nature of this Action

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## Parties

2.

Patrice Hull, the named Plaintiff in this action, is an individual, lives in the Northern District of Georgia.

3.

Coventry Health Care of Georgia, Inc. ("Coventry") is a Georgia corporation with its principal office and place of business at 6705 Rockledge Drive, Suite 900, Bethesda, Maryland 20817-7828. Coventry can be served by delivering a copy of the summons and complaint to its registered agent, National Registered Agents Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

4.

Defendant Angela Meoli, lives in the Northern District of Georgia and serves as Coventry's Chief Operating Officer. Meoli can be served by delivering a copy of the summons and complaint to her at 1100 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339.

5.

Coventry maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally.

6.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

7.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

8.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted "...directly or indirectly in the interest of an employer in relation to an employee..."

9.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

10.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

**Jurisdiction**

11.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

**Venue**

12.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

**Facts**

13.

Hull was employed by Defendants as a "Medicare Specialist" from August, 2007 until May, 2010. Hull was also employed by Defendants in December, 2010.

14.

Hull's job duties while employed by Defendants consisted primarily of data entry, i.e., processing membership applications, entering benefits information, and uploading plan information.

15.

Hull also performed manual labor for Defendants, including organizing and stocking Coventry brochures.

16.

Hull and the putative class of individuals did not have discretionary authority in their positions.

17.

While employed by Defendants, Hull and the putative class of individuals have consistently worked over 40 hours per week. Hull and the putative class members are similarly situated in terms of pay and compensation.

18.

Defendants failed to provide Hull or members of the putative class with overtime compensation for hours worked in excess of 40 in a workweek.

19.

During Hull's employment at Coventry she consistently worked in excess of 40 hours per week.

19.

Hull often worked in excess of 50 hours per week during her employment at Coventry.

## Claims for Relief

### Count I

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

19.

Hull repeats and re-alleges each and every paragraph set forth in paragraphs 1 to 18 as if fully set forth at length herein.

20.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Hull, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Hull, as well as those similarly situated to her were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

22.

Hull, and those similarly situated to her, are not exempt employees under the FLSA; thus, Defendant was required to pay them overtime compensation for all hours worked each week in excess of 40.

23.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendant owes Hull, and those similarly situated to her, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

**Count II**

25.

Hull incorporates the allegations contained in paragraphs 1 through 24 of this complaint as though the same were fully set forth at length herein.

26.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

27.

Hull and those similarly situated to her are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Hull demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Patrice Hull and all those similarly situated to her and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

6. Pursuant to Section 216(b) of the Act, judgment in favor of Hull and those similarly situated to her and against Defendants, jointly and severally, for reasonable attorneys fees;

7. Judgment in favor of Hull and those similarly situated to Hull and against the Defendants, jointly and severally, for prejudgment interest;

8. Judgment in favor of Hull and those similarly situated to her and against the Defendants, jointly and severally, for all taxable and non-taxable costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

10. Such other, further and different relief as this Court deems appropriate.

This 19th day of January, 2011.

By: _____
Stephen M. Katz
Georgia Bar No. 409065



## THE KATZ LAW GROUP LLC

**THE KATZ LAW GROUP**
Suite 200
4799 Olde Towne Parkway
Marietta, Georgia 30068
Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail: smkatz@smk-law.com